IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2010 JUL 30  PM 2: 53

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| LEVITON MANUFACTURING CO., INC. | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Cause No. EP-10-CV-00158 (KC) |
| | § | |
| JOSE ANTONIO RANGEL, et al., | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT,
## JURY DEMAND AND COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW, JOSE ANTONIO RANGEL** and **LUIS E. RIVAS,** two of the

Defendants in the above styled and numbered cause, by and through their attorney of record,

**EDUARDO MIRANDA,** and file the following Original Answer to Plaintiffs' Original

Complaint For Declaratory Judgment And For Monetary Damages, And Jury Demand, and for

cause would show unto the Court as follows:

1.    Defendants are without knowledge or information sufficient to admit or deny the

allegations in paragraph 1 of Plaintiff's Original Complaint For Declaratory

Judgment And For Monetary Damages.

2.    Defendants admit the allegations of paragraph 2 of Plaintiff's Original Complaint

For Declaratory Judgment And For Monetary Damages.

3.    Defendants deny the allegations in paragraph 3 of Plaintiff's Original Complaint

For Declaratory Judgment And For Monetary Damages

-1-

4.   Defendants admit the allegations in paragraph 4 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

5.   Defendants admit the allegations in paragraph 5 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

6.   Defendants deny that all or a substantial part of the events complained of in Plaintiff's Original Complaint occurred in El Paso County, Texas, as alleged in paragraph 6 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.  Defendants admit that Plaintiff seeks to invoke this Court's diversity jurisdiction, but deny that there is complete jurisdiction of citizenship between Plaintiff and the Defendants, as alleged in paragraph 6 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages

7.   Defendants deny the jurisdictional allegations in paragraph 7 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

8.   Defendants are without knowledge sufficient to admit or deny the allegations contained in the first sentence of paragraph 8 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages. Defendants admit that they are United States citizens and reside in California. Defendants deny that Defendant Eduardo Reza  is a United States citizen but admit that he resides in Texas. Defendants admit that Defendant Jesus Octavio Rey Velo is a Mexican citizen, but deny that he resides in Texas. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages

9.      Defendants admit the allegations contained in the first sentence of paragraph 9 of Plaintiffs' Original Complaint For Declaratory Judgment And For Monetary Damages.  Defendants admit that they each had their own social security number, but deny the remaining allegations in paragraph 9 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

10.     Defendants admit the allegations contained in the first sentence of paragraph 10, but deny the remaining allegations in paragraph 10 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

11.     Defendants admit that they filed wage claims with the appropriate Mexican authorities after they were terminated by Plaintiff's wholly-owned subsidiary, Leviton De Mexico, S. De R.L. De C.V., a Mexican company.  Defendants deny the remaining allegations in paragraph 11 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

12.     Defendants deny the allegations in paragraph 12 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

13.     Defendants deny the allegations in paragraph 13 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

14.     Defendants deny the allegations in paragraph 14 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

15      Defendants deny the allegations in paragraph 15 of Plaintiff's Original Complaint For Declaratory Judgment And For Monetary Damages.

16.     Defendants deny the allegations in paragraph 16 of Plaintiff's Original Complaint

For Declaratory Judgment And For Monetary Damages.

17.     Defendants deny that Plaintiff is entitled to the declaratory relief requested or to

any of the damages sought, as alleged in paragraph 17 of Plaintiff's Original

Complaint For Declaratory Judgment And For Monetary Damages.

## JURY DEMAND

18.     Defendants demand a trial by jury of all disputed and material fact issues in this

cause.

## AFFIRMATIVE DEFENSES

19.     As an affirmative defense, Defendants allege that Plaintiff's claims are barred by

limitations.

**WHEREFORE, PREMISES CONSIDERED**, Defendants prays that Plaintiff go hence

without day, that Defendants recover their costs, and for such other and further relief to which

they may show themselves justly entitled, at law or in equity.

Respectfully submitted,

Dated: 7/30_____, 2010.

**EDUARDO MIRANDA**
Attorney at Law
2330 Montana Ave.
El Paso, Texas 79903
915-351-7693
915-351-7696 FAX
State Bar No. 14199590

Attorney for Defendants
**JOSE ANTONIO RANGEL &**
**LUIS E. RIVAS**

-4-

## COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW, JOSE ANTONIO RANGEL** and **LUIS E. RIVAS** ("Counter-Plaintiffs") and file the following Counterclaim against **LEVITON MANUFACTURING CO., INC.** ("Counter-Defendant"), and for cause would show unto the Court as follows:

20.  Counter-Plaintiffs are United States citizens who reside in the State of California. At all relevant times, Counter-Plaintiffs worked for Leviton De Mexico, S. De R.L. De C.V., a wholly-owned Mexican subsidiary of Counter-Defendant.

21.  A copy of this pleadings has been served on Counter-Defendant's attorney of record.

### I. FACTS

22.  On or about December of 2009, Counter-Plaintiffs were summarily, and without cause, laid-off as employees of Counter-Defendant's Mexican subsidiary, Leviton De Mexico, S.De R.L. De C.V. After their lay-off, Counter-Plaintiff filed a labor grievance or complaint against Counter-Defendant's Mexican subsidiary, seeking reinstatement, and damages for lost wages, loss of employee benefits, and other damages recoverable under the labor laws of Mexico. Counter-Plaintiffs' wage dispute and grievance in Mexico is pending a decision from the local Mexican Labor Board.  In retaliation for Counter-Plaintiffs' filing of their wage dispute in Mexico, and in an attempt to harass and intimidate Counter-Plaintiffs into dismissing such wage dispute, Counter-Defendant filed this action against Counter-Plaintiffs.

### II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.  Counter-Plaintiffs would show that Counter-Defendant's Original Complaint For Declaratory Judgment And For Monetary Damages  was filed for the sole purpose of

intentionally inflicting emotional distress upon Counter-Plaintiffs, for which intentional conduct Counter-Plaintiffs seeks the recovery of damages against Counter-Defendant.

### III.  UNCONSCIONABLE CONDUCT

24.  At the time that Counter-Plaintiffs were laid-off, Counter-Plaintiffs were verbally offered a severance package by Counter-Defendants that was conditioned on Counter-Plaintiff's voluntary resignation under Mexican law and on a waiver of Counter-Plaintiffs' rights under Mexican law.  The severance package offered Counter-Plaintiffs was significantly different than what was offered to other employees of Counter-Defendant.  By conditioning said severance package on Counter-Plaintiffs' waiver of their labor rights under Mexican law, Counter-Defendant acknowledged that Counter-Plaintiffs enjoyed certain rights under Mexican labor law. Counter-Plaintiffs allege that such conduct on the part of Counter-Defendant was unconscionable and a violation of Counter-Plaintiffs' rights under Mexican law, to Counter-Plaintiffs' damages.

### IV.  LIBEL

25.  Counter-Plaintiffs would further show unto the court that Counter-Defendant's allegations and accusations, as contained in Counter-Defendant's Original Complaint For Declaratory Judgment And For Monetary Damages, against Counter-Plaintiffs are false and do not have any basis in truth.  Counter-Plaintiffs would further show unto the court that Counter-Defendant's false allegations and accusations  against Counter-Plaintiffs were brought against Counter-Plaintiffs maliciously and without due regard for the truthfulness or falsity of the accusations, to Counter-Plaintiffs damages.

### V.  REQUEST FOR DECLARATORY RELIEF & SANCTIONS

26.  Counter-Plaintiff would show unto the Court that Counter-Defendant's suit is

groundless, was brought against Counter-Plaintiffs in bad faith and in retaliation for Counter-

Plaintiffs' wage dispute and labor grievance and complaint against Counter-Defendant's

Mexican subsidiary, and for the sole purpose of harassment. Counter-Plaintiffs seek a declaration

from this Court that Counter-Defendant's lawsuit is groundless, frivolous, and brought in bad

faith. Counter-Plaintiffs seek the recovery of reasonable attorney's fees.

## V. JURY DEMAND

27.  Counter-Plaintiffs demands trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Counter-Plaintiffs request that Counter-

Defendant be cited to appear and answer; that Counter-Plaintiffs recover judgment and sanctions

against Counter-Defendant for all actual damages and attorney's fees, and all statutory additional

or exemplary damages to which they may be entitled, court costs, pre-judgment interest and

postjudgment interest at the highest legal rate.

Respectfully submitted,

Dated: __7/30__, 2010.

**EDUARDO MIRANDA**
Attorney at Law
2330 Montana Ave
El Paso, Texas 79903
(915) 351-7693
(915) 351-7696 FAX
State Bar No.: 14199590

Attorney for Counter-Plaintiffs
**JOSE ANTONIO RANGEL &
LUIS E. RIVAS**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered to Mark R. Lapidus, Attorney for Plaintiff/Counter-Defendant, at 5177 Richmond Ave., Ste. 850, Houston, Texas, 77056, on this 30th day of July, 2010.

**EDUARDO MIRANDA**

**Delivered via:**

_____ Certified Mail, RRR

_____ Regular Mail

✓ Facsimile Transmission

_____ Hand Delivery

-8-